```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

ROY LEE GILBERT,              §
TDCJ # 1065517,               §
                              §
          Petitioner,         §
                              §
                              §
v.                            §    CIVIL ACTION H-05-0692
                              §
DOUG DRETKE,                  §
                              §
          Respondent.         §

## MEMORANDUM OPINION AND ORDER

Roy Lee Gilbert, an inmate of the Texas prison system, filed this habeas action under 28 U.S.C. § 2254 contesting a state felony conviction. Having reviewed the petition and available state records, the court concludes that Gilbert's habeas petition is untimely. Accordingly, this action will be dismissed under the provisions of 28 U.S.C. § 2244(d).

### I. Procedural History and Claims

After entering a guilty plea, Gilbert was convicted of burglary of a habitation with the intent to commit theft, and the state district court sentenced him to twenty-five years in prison. State v. Gilbert, No. 872894 (337th Dist. Ct., Harris County, Tex., Sept. 9, 2001). No direct appeal was properly filed.[1]

---

[1] In the petition, Gilbert denies filing a notice of appeal (Docket Entry No. 1, page 2); however, one was filed more than six months after the deadline for filing a notice, and the Court of Appeals dismissed the appeal for lack of jurisdiction. Gilbert v. State, No. 01-02-00639-CR; 2002 WL 1722323 (Tex. App.-- Houston

On March 24, 2004, more than two and one-half years after the date of the criminal judgment, Gilbert filed a state application for a writ of habeas corpus under TEX. CODE CRIM. PRO. art. 11.07. Pursuant to the Texas Rules of Criminal Procedure, the application was forwarded to the Texas Court of Criminal Appeals, which denied it without a written order on August 25, 2004. See Internet Website for the Texas Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions. Gilbert executed his federal petition for a writ of habeas corpus on January 31, 2005, and it is considered filed on that date. Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998).

Gilbert presents the following claims:

1. He was denied effective assistance of counsel.

2. His sentence was outside of the statutory guidelines.

## II. One-Year Statute of Limitations

Gilbert's habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provisions, which restricts the time in which a state conviction may be challenged, because the

---

[1st. Dist.] Jul 25, 2002).  The untimely appeal does not affect the timeliness of this action because Gilbert's conviction was final when the appeal was filed. See Salinas v. Dretke, 354 F.3d 425, 428 (5th Cir. 2004), citing Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir.2003) (conviction is final when time for filing appeal lapses).  Moreover, the federal habeas petition would still be untimely because the appeal was dismissed more than a year before the state habeas application was filed. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

petition was filed after April 24, 1996, the date the AEDPA was enacted. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

3

The court is authorized to make a determination regarding the timeliness of a petition before ordering the State to use its limited resources to answer it.  See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

Gilbert entered a guilty plea.  Therefore, the conviction became final on October 9, 2001, the last day he could have filed a notice of appeal.  Tex. R. App. P. 26.2 (West 2001). See also Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003), citing Flanagan, 154 F.3d at 197.  Pursuant to the AEDPA, Gilbert had one year from that date to file a federal habeas petition.  See Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004).  In the alternative, Gilbert needed to file a state habeas application within the one-year period in order to toll limitations.  Flanagan, 154 F.3d at 199 n.1.

Gilbert filed a state habeas application on March 24, 2004, nearly two and one-half years after his conviction became final. Consequently, the application did not toll the one-year limitation period because it was filed well beyond the period's expiration date.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Because Gilbert's federal petition for a writ of habeas corpus was filed January 31, 2005, more than three years and three months after his conviction became final, it is untimely under the provisions of 28 U.S.C. § 2244(d)(1)(A).  There is no indication that Gilbert was subject to any state action that impeded him from

filing his petition.  28 U.S.C. § 2244(d)(1)(B).  There is no showing of a newly recognized constitutional right upon which the petition is based; nor is there any indication that any factual predicate of the claims could not have been discovered before the conviction became final.  28 U.S.C. § 2244(d)(1)(C), (D).

### III. Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000).  If denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001), quoting Slack, 120 S.Ct. at 1604.  A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  This Court concludes

5

that Gilbert is not entitled to a certificate of appealability under the applicable standards. See 28 U.S.C. § 2253(c).

### IV. Conclusion

The court **ORDERS** the following:

1. The Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DISMISSED** with prejudice.

2. The Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **DENIED** because the records demonstrate that Gilbert is capable of paying the filing fee.

3. A certificate of appealability is **DENIED**.

4. The Clerk shall send a copy of this Memorandum Opinion and Order to petitioner and to the Office of the Texas Attorney General.

**SIGNED** at Houston, Texas, on this 9th day of May, 2005.

SIM LAKE
UNITED STATES DISTRICT JUDGE